■ ANDREW T. TOWNER, Respondent, v KRISTINE TOWNER, Appellant. [639 NYS2d 133]

In 1988, after 17 years of marriage, the plaintiff commenced

this action seeking a divorce on the grounds of cruel and inhuman treatment pursuant to Domestic Relations Law § 170 (1). On October 30, 1990, the parties entered into a separation agreement drafted by the plaintiff. In March 1994, the plaintiff filed a supplemental verified complaint adding a cause of action for a conversion divorce pursuant to the separation agreement. The defendant interposed an answer asserting an affirmative defense and a counterclaim for rescission of the separation agreement on the grounds that it was manifestly unfair, unconscionable, and arrived at by fraud and overreaching. The plaintiff then moved, *inter alia,* for summary judgment granting him a divorce on the ground that the parties had lived apart pursuant to a written separation agreement for more than one year, and the plaintiff had substantially performed all the terms and conditions of the agreement *(see,* Domestic Relations Law § 170 [6]). In opposition, the defendant contended that there were substantial triable issues regarding the execution and validity of the separation agreement that required a hearing. The Supreme Court granted the plaintiff's motion on the grounds that the allegations of duress and alcoholism put forth by the defendant were unsupported and conclusory, that the agreement was not unconscionable, and that the defendant had ratified the agreement by failing to object to it until March 1994, nearly three and one-half years after it was executed. We agree.

The plaintiff made a prima facie showing of entitlement to a judgment of divorce as a matter of law pursuant to Domestic Relations Law § 170 (6). Thus, the burden was on the defendant in opposing summary judgment, to lay bare her proof and, avoiding conclusory allegations, set forth evidentiary proof sufficient to establish the existence of material issues of fact which required a trial of the action *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The defendant has failed to raise any material issue as to her capacity to enter into the separation agreement. While the defendant alleged that she suffered from severe and chronic alcoholism at the time she signed the agreement, she failed to submit any affidavits from the various facilities at which she claims she received treatment to support this allegation and she has set forth no facts which would indicate a lack of capacity to enter into a contract *(see, Juliani v Juliani,* 143 AD2d 72, 74). The fact that the defendant was not represented by counsel when the agreement was executed, without more, does not establish overreaching or require automatic nullification of the agreement *(see, Levine v Levine,* 56 NY2d 42, 48; *Chauhan v Thakur,* 184 AD2d 744).

Finally, after a review of the separation agreement as well

as the surrounding circumstances, we find, as a matter of law, that the terms of the agreement are fair, there has been no overreaching, and the agreement was validly executed by the defendant *(see, Christian v Christian,* 42 NY2d 63; *Juliani v Juliani, supra,* at 75). Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.