■ TRANSAMERICA REALTY, LTD., Appellant, v JEFF WINOKUR et al., Respondents. [668 NYS2d 885] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered September 19, 1996, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

We agree with the motion court that the consideration for the contract at issue—proprietary information regarding the premises—was given prior to the execution of the agreement. Since the past consideration is not expressed in the agreement, and since "[i]n the absence of a writing that can be understood without dependence upon extrinsic evidence and that clearly describes the consideration, a promise derived from past consideration is simply not actionable" (*Clark v Bank of N. Y.*, 185 AD2d 138, 140-141, *appeal withdrawn* 81 NY2d 760; General Obligations Law § 5-1105), the court properly dismissed plaintiff's breach of contract claim. We have considered plaintiff's other arguments and find them to be without merit. Concur—Lerner, P. J., Sullivan, Rosenberger, Nardelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ESTRADA, Appellant. [669 NYS2d 821] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered December 2, 1994, convicting defendant, after a nonjury trial, of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The trial court properly exercised its discretion in denying defense counsel's application for a new competency examination for his client, who had previously been found competent (*see, People v Rivera*, 241 AD2d 301). The court properly relied on its own observations, including defendant's colloquies with the court, particularly in light of defendant's psychiatric records showing a likelihood of feigning mental illness for his own advantage (*supra*). The court was not obligated to conduct a competency hearing where defendant failed to request such hearing before trial and the examining psychiatrists were unanimous in their opinion that defendant was fit to proceed. The rulings made by the court during and after trial concerning defendant's competency were also proper exercises of discretion. Concur—Lerner, P. J., Sullivan, Rosenberger and Nardelli, JJ.