**STARTECH, INC., f/k/a Very Special Arts New York, Plaintiff,**

v.

**VSA ARTS, f/k/a Very Special Arts, Inc., Defendant.**

No. 00 Civ. 5443(CM).

United States District Court, S.D. New York.

Dec. 7, 2000.

Bruce R.M. Ewing, Dorsey & Whitney LLP, New York, NY, for plaintiff.

Marvin R. Lange, New York, NY, for defendant.

## MEMORANDUM DECISION AND OR-DER DENYING DEFENDANT'S MOTION TO DISMISS

McMAHON, District Judge.

Defendant VSA Arts moves pursuant to Fed.R.Civ.P. 12(b)(6) for an order dismissing Plaintiff Startech, Inc.'s claims for breach of contract and wrongful enrichment. For the reasons stated below, the motion is denied.

### Summary

Plaintiff brings this action for damages in the amount of $500,000 pursuant to 28 U.S.C. § 1332. Startech is a not-for-profit corporation with its principal place of business in New York, and VSA is a not-for-profit corporation with its principal place of business in Washington D.C. Startech is a former affiliate of VSA.

Startech's complaint alleges that VSA wrote a letter promising to pay Startech 50% of the proceeds raised by VSA in "private fundraising activities" for three concurrent years beginning in FY 1994. (Pl.Exh.¶ 1.) The agreement was subject to renegotiation. VSA paid nothing in respect of the agreement to Startech, which argues that VSA breached the agreement, or in the alternative, that Defendant was wrongfully enriched.

### I. Factual Background

Except as otherwise indicated, all facts are drawn from Plaintiff's complaint.

Plaintiff is a former affiliate of Defendant and a not-for-profit corporation providing job training and education to the disabled. Plaintiff was founded in 1977 in part through the efforts of Defendant, a national organization founded in 1975 for the purpose of fostering learning opportunities for disabled persons. Plaintiff's success in its early years led to the Defendant's creation of other local affiliates, which escalated the growth of Defendant as a national organization.

Between 1977 and 1986, Plaintiff actively sponsored numerous arts-related events for the benefit of disabled persons in New York. The parties' relationship was governed by a series of affiliation agreements, under which Defendant imposed minimum standards and policies upon Plaintiff in return for Plaintiff's ability to participate in the national organization. One of Plaintiff's obligations was to raise a certain percentage of its (i.e., Plaintiff's) funds from businesses and individuals located within the State of New York. However, as Defendant grew, its own fund raising activities in New York increased, which "complicated" Plaintiff's ability to raise money.

Startech claims that the parties held discussions about its financial plight and VSA's contribution to same for several

years. Those discussions resulted in the issuance of a letter by VSA. (Pl.Exh.1) The letter read as follows:

> Per our discussions, in light of the fact that the current level of funding support for Very Special Arts New York will be greatly diminished due to budgetary constraints, and by way of compensation for national fundraising activities conducted in the state of New York, this serves to confirm our agreement that gross proceeds raised by Very Special Arts in such private fundraising activities (including the Carey Limousine Wall Street Rat Race) will be split on an equal ($^{50}$‰) basis effective FY 1994. This agreement will be effective for three concurrent years at which time the terms may be renegotiated.
>
> Your continued support of Very Special Arts national fundraising activities in New York state is important in our efforts to continue to build awareness for Very Special Arts programs around the country. All national fundraising activities initiated in New York will be discussed on a case-by-case basis, and funds will be divided as mutually deemed appropriate. With regard to the annual Carey Limousine Rat Race, your continued assistance in securing necessary permits and related documentation to support this event is both recognized and much appreciated.
>
> As discussed, it is agreed that proceeds from that event will directly support the ongoing activities of Very Special Arts New York." (Pl.Exh.1).

VSA did not keep its promise to pay plaintiff 50% of its take from fund raising activities in New York. Indeed, in March 1996, VSA terminated its affiliation with Plaintiff. Plaintiff claims that it was terminated from the VSA organization due to its insistence on Defendant's honoring the terms of the letter. VSA claims Plaintiff did not meet certain unspecified minimum standards, which prompted its termination.

Plaintiff claims damages in the amount of no less than $500,000, together with prejudgment and postjudgment interest and costs.

## II. Discussion

Under Fed.R.Civ.P. 12(b)(6), dismissal of a case is appropriate when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In reviewing the sufficiency of a complaint, all well-pleaded allegations are treated as true and all inferences are drawn in favor of the pleader. *See Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993).

### A. Breach of Contract

██ The essential elements to pleading a breach of contract under New York law are the making of an agreement, performance by the plaintiff, breach by the defendant, and damages suffered by the plaintiff. *See Van Brunt v. Rauschenberg,* 799 F.Supp. 1467 (S.D.N.Y.1992), (citing *Stratton Group, Ltd. v. Sprayregen,* 458 F.Supp. 1216, 1217 (S.D.N.Y.1978)). However, under Fed.R.Civ.P. 8(a)(2), it is not necessary to plead separately the elements of a claim for a breach. It is sufficient that the claim shows that the pleader is entitled to relief. *See Van Brunt v. Rauschenberg,* 799 F.Supp. 1467 (S.D.N.Y.1992) (citing *Nordic Bank, PLC v. Trend Group, Ltd.,* 619 F.Supp. 542, 561 (S.D.N.Y.1985)).

██ The law is well settled that "in order for a promise to be enforceable as a contract, the promise must be supported by valid consideration." *Citibank, National Association v. London,* 526 F.Supp. 793, 803 (1981). Ordinarily, the question of consideration is one of fact. *See Daniel Goldreyer, Ltd. v. Van de Wetering,* 217 A.D.2d 434, 438–39, 630 N.Y.S.2d 18, 24 (1st Dep't.1995) However, when it is clear from the face of the pleading and the terms of the contract that a promise is gratuitous, the complaint will be dismissed. *See Municipal Grocery Stores, Inc. v.*

*Eastern Milk & Cream Co., Inc.,* 233 A.D. 764, 250 N.Y.S. 858 (2d Dep't., 1931).

■ Consideration is defined as either a bargained for gain or advantage to the promisee or a bargained for legal detriment or disadvantage to the promisor. *See Roth v. Isomed, Inc.,* 746 F.Supp. 316, 319 (S.D.N.Y.1990). In its papers opposing the motion, Plaintiff contends that the consideration for VSA's promise was the detriment to Startech's ability to raise the funds within New York that it was required to raise under the terms of its affiliation agreement. However, as defendant points out, the fact that Startech was having difficulty raising money for itself is neither a bargained for legal detriment to Startech nor a bargained for disadvantage to VSA. It is a fact that might provide VSA with a motive for making the promise set forth in the letter. But such a motivation could easily support a gratuitous promise, which is precisely what defendant contends the letter agreement is. So if consideration is to be found, it must be elsewhere in the letter agreement.

■ Mindful of its duty to draw every conceivable inference in favor of Plaintiff at this preliminary stage, and to avoid dismissing the complaint unless I can discern no conceivable basis for recovery, the Court has parsed the letter agreement carefully. On its face, the document appears to make reference to something that might well qualify as consideration—namely, Startech's "continued support of VSA's national fund raising activities" and its "assistance" in working with local officials and procuring permits and the like in aid of VSA's fund raising efforts. Certainly, offering continued fund raising assistance to VSA—especially if that assistance is provided at the expense of plaintiff's own fund raising activities, as alleged in the complaint—could constitute consideration for a promise to split the proceeds of those joint activities. While it is true that an expression of gratitude for past fund raising assistance would not constitute consideration, *see Bogardus v. Commissioner of Internal Revenue,* 302 U.S. 34, 34, 58 S.Ct. 61, 61, 82 L.Ed. 32 (1937), the promise of continued support would rise to the level of consideration—unless for some reason Startech were *required* to provide fund raising assistance to defendant (as opposed to being obligated to raise money for itself, as alleged in Paragraph 10 of the complaint). *See Roth,* 746 F.Supp. at 319 (citing *Holt v. Feigenbaum,* 52 N.Y.2d 291, 299–300, 437 N.Y.S.2d 654, 419 N.E.2d 332 (1981)). However, nothing on the face of the complaint would allow me to draw the conclusion that Startech was obligated to raise money for VSA. Thus, I cannot say at this extremely early moment in the life of this lawsuit that Startech's "continued cooperation" and "assistance" with VSA's fund raising efforts fails to qualify as consideration. Therefore, the breach of contract claim will not be dismissed.

This ruling should in no way be read to prejudge the issue of whether there was, in fact, valid consideration for VSA's promise. I have no doubt that defendant will press its gratuitous promise defense, and on a fuller record a verdict in its favor may well be appropriate.

### B. *Unjust Enrichment*

■ In order to prevail on a theory of unjust enrichment, "the plaintiff must demonstrate that (a) the defendant has been enriched; (b) the enrichment was at the plaintiff's expense; and (c) defendant's retention of the benefit would be unjust." *Van Brunt v. Rauschenberg,* 799 F.Supp. 1467 (S.D.N.Y.1992) (quoting *Hutton v. Klabal,* 726 F.Supp. 67, 72 (S.D.N.Y.1989)); (*see also Mayer v. Bishop,* 158 A.D.2d 878, 551 N.Y.S.2d 673 (3d Dep't), *appeal denied,* 76 N.Y.2d 704, 559 N.Y.S.2d 983, 559 N.E.2d 677 (1990)).

■ Plaintiff alleges Defendant has been unjustly enriched at the expense of Plaintiff by failing to pay Plaintiff 50% of all gross proceeds from private fund raising activities in New York from October 1994 through September 1997. For much

the same reason that I cannot dismiss the breach of contract claim, I cannot dismiss the unjust enrichment claim. If Startech's efforts on behalf of VSA do not suffice to support a contract, they may nonetheless render it inequitable for VSA to retain 100% of any funds that the two organizations raised jointly. If, for example, the facts bear out that VSA has received some benefit in its own fund raising by virtue of assistance rendered by plaintiff—especially assistance rendered with the $^{50}\!/\!_{00}$ split letter lurking in the background—unjust enrichment might turn out to be an appropriate theory of recovery.

The parties are directed to abide by the attached scheduling order. This constitutes the decision and order of the Court.

### Consent Scheduling Order

Upon consent of the parties, it is hereby ORDERED as follows:

1. Rule 26(a) discovery must be exchanged on or before 1/5/01, which is 30 days after service of the decision on motion to dismiss.

2. No additional parties may be joined after N/A.

3. No amendments to the pleadings will be permitted after 1/5/01.

4. All discovery shall be completed on or before 5/4/01.

5. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Please provide the Magistrate Judge with the Order of Reference on or before a scheduled appearance pertaining to discovery issues.

6. A joint pretrial order in the form prescribed in Judge McMahon's individual rules shall be filed on or before 6/1/01, together with any *in limine* motions and memos of law. Responses to *in limine* motions, if any, shall be filed by 6/15/01. The court will then schedule a final pretrial conference.

7. No motion for summary judgment shall be served after the deadline fixed for submission of the pretrial order. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pretrial order on time.*

8. If any party claims a right to trial by jury, proposed voir dire questions and jury instructions shall be filed with the joint pretrial order.

9. Any party seeking damages from any other party must append to this statement a one-page addendum explaining the factual and legal basis for the claimed damages, explaining how you propose to prove damages and setting forth a calculation of anticipated damages.

10. This scheduling order may be altered or amended only on a showing of good cause not foreseeable at the date hereof. *Counsel should not assume that extensions will be granted as a matter of routine.*