■ ALBERT G. MILLER et al., Respondents-Appellants, v LOU HALPERIN'S STATIONS, INC., Appellant-Respondent. [726 NYS2d 701] —In an action to recover damages for breach of contract, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated July 29, 1994, as granted those branches of the plaintiffs' motion which were for summary judgment on the causes of action to recover damages for the cost of removing steel tanks and fines incurred by the plaintiffs, (2), as limited by its brief, from so much of an order of the same court, dated February 2, 1995, as, upon the plaintiffs' motion for reargument, granted those branches of the plaintiffs' motion which were for summary judgment on the causes of action to recover damages for fines incurred by the plaintiffs from January 1, 1991, a Long Island Lighting Company bill, 50% of a monthly security alarm bill, and 50% of insurance premiums computed to the cancellation date of January 19, 1993, and (3) from a judgment of the same court, dated February 19, 1998, which is in favor of the plaintiffs and against it in the principal sum of $18,750.98, and the plaintiffs cross-appeal from stated portions of the orders.

Ordered that the cross appeals are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeals from the orders are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs commenced this action to recover damages for breach of a license, pursuant to which, *inter alia*, the defendant was required to remove and replace three underground tanks on property leased by the plaintiffs "[a]s soon as possible." The license further provided, in pertinent part, as follows: "In furtherance of the above installations [the defendant] shall obtain all requisite permits and where necessary arrange for requisite inspections by the Suffolk County Department of Health and/or the New York State Department of Conservation. It is understood and agreed that in the event a determination is made that any contamination exists upon the subject premises and a cleanup is required in conformity with the requirements of Suffolk County and New York State, the responsibility for said cleanup and the cost of said cleanup shall be the sole responsibility of the [plaintiffs], and in the event the [plaintiffs do] not comply with the requirements of Suffolk County or New York State, the [defendant] shall have no obligation hereunder and may cancel this License Agreement."

The defendant, in preparation for the removal of the tanks, obtained an environmental report which revealed contamination on the property. The plaintiffs acknowledged their obligation and intention to clean up the property upon notification that the defendant was going to remove the tanks. When the defendant failed to remove the tanks, the plaintiffs undertook the task and commenced this action to recover damages for breach of contract. Thereafter, the defendant notified the plaintiffs that it was cancelling the license on the grounds that the property was contaminated, and that the plaintiffs failed to comply with local and state environmental requirements regarding the cleanup.

The defendant contends that it did not breach the agreement because the requirement that the plaintiffs clean up the property in conformity with local and state requirements was a condition precedent to its obligations under the agreement,

and the plaintiffs failed to satisfy the condition, entitling the defendants to cancel the agreement. We disagree.

The intent of the parties was clear under the terms of the license agreement. The plaintiffs' obligation to perform an environmental cleanup of the property, in the event contamination was discovered, was to act as a condition subsequent, such that the defendant's obligations under the agreement remained in effect pending possible nonoccurrence of the condition subsequent (*see, Matter of Benincasa v Garrubbo,* 141 AD2d 636, 638 ["condition subsequent does not delay the enforceability of a contract; it only preserves the possibility that a contract can be set aside later in time if the condition is not fulfilled"]). Accordingly, there is no merit to the defendant's contention that it was entitled to suspend performance of its obligations under the agreement pending the plaintiffs' completion of the cleanup.

Moreover, the defendant's purported cancellation of the agreement was unjustified. There was no evidence to support its contention that the plaintiffs did "not comply with requirements of Suffolk County or New York State" with regard to the cleanup, which was the only ground in the agreement which permitted the defendant to cancel it (*see,* McCauliff, Corbin on Contracts Conditions § 39.3, at 481, n 20 [rev ed 1999]). Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.