THEA GUTMAN et al., Appellants, v MARILYN GUTMAN, Also Known as MARILYN GATES, Individually and as Executor of JEREMIAH GUTMAN, Respondent. [819 NYS2d 771]—

In an action, inter alia, to impose a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Murphy, J.), dated March 17, 2005, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and, in effect, denied their cross motion for partial summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. An agreement to make a testamentary provision is an enforceable contract provided it is supported by valid consideration (see Matter of Cohen, 187 AD2d 584, 586 [1992], revd on other grounds 83 NY2d 148 [1994]). The consideration that the plaintiffs allege their father received in exchange for his agreement dated June 25, 1992, to make a testamentary provision, their forbearance from challenging the validity of their mother's will, constituted past consideration, as they executed waiver

and consent forms on May 12, 1992. Generally, past consideration is no consideration and cannot support an agreement because "the detriment did not induce the promise. That is, since the detriment had already been incurred, it cannot be said to have been bargained for in exchange for the promise" (*Umscheid v Simnacher*, 106 AD2d 380, 381 [1984] [internal quotations omitted]; *see Braka v Travel Assistance Intl.*, 25 AD3d 456, 456 [2006]). However, General Obligations Law § 5-1105 provides that "[a] promise in writing and signed by the promisor or by his agent shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, if the consideration is expressed in the writing and is proved to have been given or performed and would be a valid consideration but for the time when it was given or performed."

Since the alleged past consideration was not expressed in any writing, such consideration was ineffective to support the agreement (*see* General Obligations Law § 5-1105; *Transamerica Realty v Winokur*, 248 AD2d 250, 250 [1998]; *Clark v Bank of N.Y.*, 185 AD2d 138, 140-141 [1992]). In addition, the Supreme Court properly determined that the consideration that the plaintiffs asserted in the alternative as supporting the agreement was a condition subsequent, not consideration for a promise (*see generally Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 112-113 [1984]; *Miller v Halperin's Stas.*, 284 AD2d 439, 441 [2001]). In any event, the plaintiffs may not obtain equitable relief, the only relief they seek, with unclean hands (*see Hasegawa v Hasegawa*, 290 AD2d 488, 489 [2002]; *Vasquez v Zambrano*, 196 AD2d 840, 840 [1993]; *Cohn & Berk v Rothman-Goodman Mgt. Corp.*, 125 AD2d 435, 436 [1986]).

The plaintiffs' remaining contentions are without merit. Luciano, J.P., Rivera, Lifson and Covello, JJ., concur.