Michael Samet, as Executor of Andrew Samet, Deceased, Respondent, v Isaac I. Binson, Appellant. [996 NYS2d 149]—

In an action, inter alia, to recover on an alleged promissory note, the defendant appeals from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated June 25, 2013, as denied his motion for summary judgment dismissing the amended complaint, or alternatively, pursuant to CPLR 3126 to dismiss the amended complaint based on the plaintiff's spoliation of evidence.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were for summary judgment dismissing the second, third, fourth, and fifth causes of action and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The late Andrew Samet (hereinafter the decedent) allegedly loaned the defendant, his former business partner, approximately $500,000 over a period of time. On January 1, 2000, the defendant and the decedent executed a document (hereinafter the agreement) which stated that the defendant agreed to pay the decedent $539,952 in scheduled installments. In 2007 the decedent served an amended complaint alleging that the defendant had failed to make any of the payments required by the agreement. After the decedent's death in 2008, his son Michael Samet, as executor of his estate, was substituted as the plaintiff in this action.

The amended complaint asserted five causes of action: the first sought to recover "monies had and received" but not repaid; the second was to recover damages for breach of contract; the third was based upon a "promissory note—an unconditional instrument for the repayment of money only"; the fourth alleged that the defendant had acknowledged his indebtedness to the decedent in the agreement, and thus, was liable for the amount sought based "on the grounds of admission"; and the fifth alleged that, based upon the agreement, the defendant was liable on the grounds of "an account stated." It is undisputed that the agreement does not express any consideration. At his examination before trial, the plaintiff testified that the defendant gave the agreement to the decedent for past consideration, i.e., various loans allegedly made to the defendant by the decedent during the years which preceded the agreement's execution.

The defendant moved for summary judgment dismissing the amended complaint on the ground that the agreement was unenforceable due to a lack of consideration. In the alternative, the defendant sought dismissal of the amended complaint based on the fact that, at his deposition, the plaintiff admitted to selling jewelry he was allegedly holding as collateral for the agreement. The defendant contended that this constituted spoliation of evidence because the sale of the jewelry prevented him from establishing that the value of the collateral exceeded the amount of the alleged loan. In the order appealed from, the Supreme Court, inter alia, denied the defendant's motion.

The lack of consideration for a note is a bona fide defense to payment thereof (*see Samet v Binson*, 79 AD3d 1005 [2010]; *Mastro v Carroll*, 296 AD2d 802 [2002]; *Cafaro v Squitieri*, 290 AD2d 472 [2002]; *Manufacturers Hanover Trust Co. v L.N. Props.*, 174 AD2d 383 [1991]). Generally, past consideration is no consideration and cannot support an agreement because "the detriment did not induce the promise" (*Umscheid v Simnacher*, 106 AD2d 380, 381 [1984] [internal quotation marks omitted]). That is, "since the detriment had already been incurred, it cannot be said to have been bargained for in exchange for the promise" (*id.* at 381 [internal quotation marks omitted]; *see Braka v Travel Assistance Intl.*, 25 AD3d 456, 456 [2006]). However, a "promise in writing and signed by the promisor or by his agent shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, *if the consideration is expressed in the writing* and is proved to have been given or performed and would be a valid consideration but for the time when it was given or performed" (General Obligations Law § 5-1105 [emphasis added]).

Here, as indicated, the agreement did not express any consideration. Thus, it is not enforceable as a promissory note or as a contract (*see* General Obligations Law § 5-1105; UCC 3-104 [1] [a]-[d]; [2] [d]; *Beitner v Becker*, 34 AD3d 406 [2006]; *Gutman v Gutman*, 31 AD3d 709 [2006]; *Transamerica Realty v Winokur*, 248 AD2d 250 [1998]). Accordingly, the defendant established his prima facie entitlement to judgment as a matter of law dismissing those causes of action which are predicated upon enforcement of the agreement, and the plaintiff failed to raise a triable issue of fact in opposition thereto.

However, the defendant did not establish his prima facie entitlement to summary judgment with respect to the first cause of action, based upon "monies had and received" (*see Board of Educ. of Cold Spring Harbor Cent. School Dist. v Rettaliata*, 78

NY2d 128, 138 [1991]). Thus, that branch of the motion which was for summary judgment dismissing the first cause of action was properly denied.

The Supreme Court also providently exercised its discretion in denying the alternative branch of the defendant's motion which was pursuant to CPLR 3126 to dismiss the amended complaint based on spoliation of evidence (*cf. Gagliardi v Preferred Mut. Ins. Co.*, 102 AD3d 741, 742 [2013]).

The defendant's remaining contentions are without merit. Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.