15-731-cv
Greenberg v. Greenberg

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of April, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

_____

MARSHALL GREENBERG,

                  *Plaintiff-Appellant*,

             v.                                              15-731-cv

DERRICK GREENBERG,

                  *Defendant-Appellee*.

_____

Appearing for Appellant:     Michael G. O'Neill, New York, NY.

Appearing for Appellee:     Yuegenia K. Samardin, Freehold, NJ.

Appeal from the United States District Court for the Eastern District of New York (Amon, *C.J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Marshall Greenberg appeals from the February 11, 2015 memorandum and order of the United States District Court for the Eastern District of New York (Amon, *C.J.*), granting defendant's motion for summary judgment on plaintiff's breach of contract claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiff alleges that defendant, who is plaintiff's cousin, was badly injured in a work-related accident in 2004 and subsequently brought a personal injury suit. Plaintiff alleges that he and defendant signed a contract reading,

> I Derrick Greenberg will pay Marshall Jay Greenberg in the cash amount of two-hundred-thousand dollars and no cents in whole lump sum if and when upon receiving settlement of his claim and/or lawsuit for bodily injury. This is a gift that is being given because of a through [sic] the years I Marshall Greenberg have given many gifts and many loans to Derrick Greenberg. This is a legal written document, agreement and/or contract that cannot be broken and or terminated by anyone including immediate family.

App'x at 19, 42 n.2. In 2008, defendant settled his personal injury suit, but did not pay plaintiff $200,000. The issue on appeal is whether this contract is enforceable under New York law.

In a diversity case, such as this one, we must "apply New York law as the New York Court of Appeals would apply it." *Goodlett v. Kalishek*, 223 F.3d 32, 36 (2d Cir. 2000). In the absence of any statement by the state's highest court, "[t]his Court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).

"The essential elements to pleading a breach of contract under New York law are the making of an agreement, performance by the plaintiff, breach by the defendant, and damages suffered by the plaintiff." *Startech, Inc. v. VSA Arts*, 126 F. Supp. 2d 234, 236 (S.D.N.Y. 2000). "The law is well settled that in order for a promise to be enforceable as a contract, the promise must be supported by valid consideration." *Id.* (internal quotation marks omitted). "Consideration is defined as either a bargained for gain or advantage to the promisee or a bargained for legal detriment or disadvantage to the promisor." *Id.* at 237. "Generally, past consideration is no consideration and cannot support an agreement because the detriment did not induce the promise." *Samet v. Binson*, 996 N.Y.S.2d 149, 150 (2d Dep't 2014) (internal quotation marks omitted).

There is, however, a statutory exception to this general rule. Under New York law,

> [a] promise in writing and signed by the promisor or by his agent shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, if the consideration is expressed in the writing and is proved to have been given or performed and would be a valid consideration but for the time when it was given or performed.

2

N.Y. Gen. Oblig. Law. § 5-1105. "To meet § 5-1105's requirement that the consideration be 'expressed' in the writing, the recitation of consideration must not be vague or imprecise." *Genger v. Genger*, 76 F. Supp. 3d 488, 498 (S.D.N.Y. 2015); *see also Umscheid v. Simnacher*, 482 N.Y.S.2d 295, 297-98 (2d Dep't 1984) (holding that "consideration was not 'expressed' within the meaning of section 5-1105" where it was "vague, imprecise, and, indeed, . . . without meaning").

Here, the district court correctly held that the past consideration in the contract was not sufficiently expressed to fall within the confines of Section 5-1105. *See United Res. Recovery Corp. v. Ramko Venture Mgmt., Inc.*, 584 F. Supp. 2d 645, 656 (S.D.N.Y. 2008); *Arnone v. Deutsche Bank AG,*, No. 02-CV-4915, 2003 WL 21088514, at *4 (S.D.N.Y. May 13, 2003); *Transamerica Realty Ltd. v. Winokur*, 668 N.Y.S.2d 885, 886 (1st Dep't 1998); *Umscheid*, 482 N.Y.S.2d at 297-98; *Bodden v. Kean*, 950 N.Y.S.2d 490 (N.Y. Sup. Ct. 2009), *aff'd*, 927 N.Y.S.2d 137 (2d Dep't 2011); *Persico Oil Co. v. Levy*, 316 N.Y.S.2d 924, 925-26 (N.Y. Sup. Ct. 1970). The cases plaintiff cites in support of his position that the past consideration is sufficiently expressed are unavailing for substantially the reasons stated in the district court's thorough opinion.

We have considered all of plaintiff's remaining arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3