19-2952-bk(L)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of September, two thousand twenty.

Present:      ROSEMARY S. POOLER,
              PETER W. HALL,
              DENNY CHIN,
                      *Circuit Judges.*

_____

IN RE: LEHMAN BROTHERS HOLDINGS INC.,

              *Debtor.*

_____

ATTESTOR LIMITED, DEUTSCHE BANK AG,

              *Appellants,*

          v.                                              19-2952-bk
                                                          19-2957-bk

LEHMAN BROTHERS HOLDINGS INC.,

              *Appellee.*

_____

Appearing for Appellant
Attestor Capital LLP:        Alex R. Rovira, Sidley Austin LLP, New York, N.Y.

Appearing for Appellant
Deutsche Bank AG:           Joshua Dorchak, Morgan, Lewis & Bockius LLP (Melissa Y.
                           Boey, *on the brief*), New York, N.Y.


Appearing for Appellee:    Garrett A. Fail, Weil, Gotshal & Manges LLP (Gregory Silbert,
                           Robert B. Niles-Weed, Jason L. Hufendick, *on the brief*), New
                           York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

      Attestor Capital LLP and Deutsche Bank AG both appeal from the August 16, 2019 opinion and order of the United States District Court for the Southern District of New York (Failla, *J.*). This is another strand in the web of the Lehman Brothers Holdings Inc. ("LBHI") bankruptcy proceedings, and involves the place where the U.S. bankruptcy intersects with the insolvency proceedings in the United Kingdom involving LBHI's subsidiary, Lehman Brothers International (Europe) ("LBIE"). Appellants sought to recover on certain claims against LBIE in the U.K. insolvency proceeding, and when those efforts yielded unsatisfactory results, sought to recover from LBHI in the U.S. bankruptcy proceedings. Appellants could not recover from LBHI, however, if certain statutory interest payments received by Appellants pursuant to U.K. law were "consideration provided on [LBIE's] corresponding Primary Claim" under LBHI's Chapter 11 plan (the "Plan"). *In re Lehman Brothers*, 2019 WL 3852445, at * 1 (S.D.N.Y. Aug. 16, 2019). The bankruptcy court found the interest payments qualified and denied Appellants recovery from LBHI. The district court affirmed. This appeal followed. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      Though LBHI points out that this Court has occasionally suggested that we should give deference to a bankruptcy court's interpretation of its orders, *see, e.g., Comm'n of Dep't Pub. Utils. v. N.Y., N.H. & H.R. Co.*, 178 F.2d 559, 563-64 (2d Cir. 1949); *In re Casse*, 198 F.3d 327, 333 (2d Cir. 1999), our recent practice has been to view a bankruptcy court's "interpretation of the text of the Plan . . . [as a] conclusion[] of law reviewed de novo." *In re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000).

      The facts, which are largely undisputed, are drawn from the district court's opinion. *In re Lehman Brothers*, 2019 WL 3852445, at *1 On September 15, 2008, LBHI filed for protection from its creditors under Chapter 11 of the United States Bankruptcy Code. On the same day, LBIE began administration proceedings in the United Kingdom pursuant to the English Insolvency Act of 1986. Before filing for bankruptcy, LBHI guaranteed certain obligations of LBIE. Appellants hold both (1) contractual claims against LBIE (the "Primary Claims") and (2) contractual claims flowing from LBHI's guarantee of the Primary Claims (the "Guarantee Claims"). There is no dispute as to the amount of the Primary and Guarantee Claim. LBIE was deemed solvent enough by April 2014 to pay each Admitted Claim in the full. Pursuant to English law, the value of Appellants' claims were converted from U.S. dollars to British pounds at the exchange rate in effect on the commencement date of the insolvency proceedings. Because

the British pound weakened against the U.S. Dollar between 2008, when the claims were initially converted, and 2014, when the currency of the claims were converted back, the ultimate recover by Appellants in U.S. dollars was $12.89 short for every $100 owed by LBIE. Appellants argue that this means the Admitted Claims were paid in full, but the corresponding Guarantee Claims were not. When LBIE found itself with a surplus in the English insolvency proceedings, English courts determined that the creditors were entitled to be paid statutory interest, which "replaces all prior rights, including contractual rights," and that the payment of statutory interest "does not discharge the earlier unpaid debt." LBIE eventually paid out to each creditor no less than an additional 38.43 percent recovery on their claims against LBIE, meaning for every claim of £100, the creditor received at least £138.43.

LBHI moved for a declaration in U.S. bankruptcy court that the Appellant's Guarantee Claims were deemed satisfied in full under the Plan. Appellants entered objections. The bankruptcy court granted LBHI's motion on the basis that the statutory interest payments are a "other consideration provided on the corresponding Primary Claim" within the meaning of Section 8.13 of the Plan (the "Maximum Distribution Provision"), which provides:

> An . . . Allowed Guarantee Claim that receives Distributions . . . that combined with . . . Distributions or other consideration provided on the corresponding Primary Claim . . . equal the Allowed amount of such Guarantee Claim . . . shall, in each case, be deemed satisfied in full as to such . . . Allowed Guarantee Claim against the applicable Debtor.

App'x at 419-20. As relevant here, the Maximum Distribution Provision provides that for claims made by non-Chapter 11 debtors (like LBIE) outside of the Plan in non-U.S. currency:

> For the purposes of determining whether an Allowed Claim has been satisfied in full . . . . all . . . consideration provided by a Primary Obligor in a currency other than the U.S. Dollar shall be converted to the U.S. Dollar applying the existing exchange rate . . . on the Confirmation Date."

App'x at 420.

The district court affirmed the bankruptcy court's decision to grant LBHI's motion. Appellants argue that the lower courts erred in finding that the statutory interest payments were consideration because (1) as used in the Maximum Distribution Provision, "consideration" refers not just to any payments made, but to payments that have been bargained for; and (2) the phrase "provided on" means "paid in satisfaction of." Appellants argue that the Plan's drafters intended "consideration," as used in the Maximum Distribution Provision, to reflect that legal meaning of consideration, that is, a "bargained for gain or advantage to the promisee or a bargained for legal detriment or disadvantage to the promisor." *Startech Inc. v. VSA Arts*, 126 F. Supp. 2d 234, 237 (S.D.N.Y. 2000). Because the statutory interest payments made in the English insolvency proceeding were not bargained for, but rather were made unilaterally and pursuant to an obligation under English law, Appellants argue, the statutory interest payments cannot constitute "consideration" sufficient to satisfy LBHI's Guarantee Claims.

The plain language of the Plan supports the lower courts' determination that the statutory interest constitutes "other consideration . . . provided on" the Primary Claim. The phrase "Distributions or other" in the Maximum Distribution Provision.Section comes before "consideration," which implies that a distribution is a form of consideration. App'x 419-20. "Other consideration" is thus best read to include any payments that are paid on Primary Claims. Case law that speaks of "consideration" in its technical contract law meaning inapposite where, as here, the Plain's plain language indicates that a broader interpretation of the term is intended.

Appellants next argue that the statutory interest payments are meant to address the delay in payment in the U.K. insolvency proceedings, and thus are not "provided on" the Primary Claims. They argue "[t]he plain and natural reading of 'consideration provided on the corresponding Primary Claim in the [Maximum Distribution Provision] . . . is 'consideration in satisfaction of the corresponding Primary Claim.'" Appellant's Br. at 34-35. As the district court correctly determined, there is nothing in the agreement that suggests "provided on" must be read so narrowly. The lower courts properly concluded that a plain reading of "provided on" would credit payments made, like the statutory interest payments here, that are sufficiently related to the Primary Claims.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk