◼ MORRIS McCAIN, as Executor of MARDELE K. JAEGER, Deceased, Appellant, v. MANHASSET MACHINE COMPANY, INC., Respondent.— In this action to recover (1) a $129,714.09 loan receivable, acknowledged by defendant

as owed by it to plaintiff's testatrix in a contract dated July 24, 1967, plus interest thereon from January 1, 1969, and (2) an additional $25,000 upon a promissory note given by defendant to plaintiff's testatrix, dated September 19, 1970 and payable on October 19, 1970, with interest, plaintiff appeals from an order of the Supreme Court, Nassau County, dated February 27, 1974, which denied motion for summary judgment. Order modified, on the law, by adding thereto, immediately after the provision that the motion is denied, the following: " except that partial summary judgment is granted to plaintiff, as follows: plaintiff is granted recovery of (1) 5% annual interest on the $129,-714.09 from January 1, 1969 and (2) $25,000 upon the note, with interest from September 19, 1970, and the cause of action to recover the principal of the $129,714.09 loan receivable is severed." As so modified, order affirmed, with $20 costs and disbursements to appellant. Under the contract of July 24, 1967 plaintiff's testatrix and defendant agreed *inter alia*, that principal on the $129,-714.09 loan receivable would be repaid out of the net profits, if any, earned by defendant in any of its subsequent fiscal years ending May 31 and that defendant would unconditionally pay 5% annual interest on that loan receivable, at the rate of $75 weekly. Defendant defaulted in making interest payments after December, 1968. Thus, plaintiff's testatrix became entitled to such interest from January 1, 1969 and partial summary judgment therefor should have been allowed therefor. Further, defendant admittedly defaulted in the $25,000 payment due on October 19, 1970 on the promissory note. The partial summary judgment granted herein includes that $25,000, plus interest. CPLR 4519 does not, prior to trial, constitute a bar to defendant's president's averments concerning the purported personal transaction with his aunt, plaintiff's testatrix, wherein she allegedly orally agreed (1) to include defendant's obligation under the $25,000 promissory note as subject to the same conditional extension of time for repayment as had been given the principal on the $129,714.09 loan receivable and (2) to waive past due indebtedness for interest on the note and on the latter loan receivable (*Phillips* v. *Kantor & Co.*, 31 N Y 2d 307). However, the testatrix's purported oral agreement and waiver are not supported by any valuable consideration. Thus, it is unenforceable and invalid (General Obligations Law, § 5-1103; *Gutmann* v. *Gutmann*, 39 Misc 2d 394). Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.