■ VILLAGE OF UPPER NYACK, Appellant, v CHRISTIAN AND MISSIONARY ALLIANCE, Respondent.—In an action to recover damages for breach of a stipulation of settlement, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Kelly, J.), dated October 28, 1988, which granted the defendant's motion for summary judgment, denied the plaintiff's cross motion for summary judgment, and is in favor of the defendant and against the plaintiff dismissing the complaint.

Ordered that the order and judgment is affirmed, without costs or disbursements.

In or about 1967, the defendant purchased certain property in the plaintiff village as a proposed site for its administrative headquarters. The property was zoned Business B-1, which required a special permit for professional or general office use. The defendant's application for a special permit was denied by the plaintiff's Zoning Board of Appeals. In 1971, a judgment was entered in the Supreme Court, Rockland County, directing the plaintiff's Zoning Board of Appeals to issue the special permit. The plaintiff filed a notice of appeal from that judgment.

The parties were desirous of settling their dispute pending the appeal and, in conjunction therewith, the defendant, a religious corporation, forwarded a letter of intent to the plaintiff dated May 25, 1971, whereby the defendant indicated that it would pay to the plaintiff sums which it would have been required to pay on the value of its property were it not tax exempt (see, Real Property Tax Law § 420-a). The letter of intent also included a proposal that the pending litigation between the parties be discontinued. The defendant reserved the right "to review its determination" to make payments "at five year intervals following the granting of [a] certificate of occupancy" by the plaintiff.

The plaintiff's response dated June 22, 1971, indicated that the plaintiff was "in accord with the proposals" of the defendant with several amendments, additions and clarifications. No mention was made of the reservations by the defendant of its right at five-year intervals to "review" its determination to make the payments. By letter dated June 25, 1971, the defendant accepted the plaintiff's amendments.

Without making any determination as to whether the letters created a valid and enforceable contract between the parties, this court holds that, under any circumstances, it is clear that the defendant had the unequivocal right, at five-year intervals, to terminate whatever voluntary payments it was making under the agreement (see, Breed v Insurance Co., 46 NY2d 351). Accordingly, the defendant was well within the terms of its stated intent when, after 10 years, it ceased making payments. Accordingly, it was proper for the Supreme Court to grant the defendant's motion for summary judgment and to dismiss the complaint.

In view of this determination, it is unnecessary to reach any of the other arguments put forward by the parties herein. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur. [See, 143 Misc 2d 414.]