■ VINCENT CLARK, Respondent–Appellant, v BANK OF NEW YORK et al., Appellants-Respondents.—Judgment of the Supreme Court, New York County (Burton S. Sherman, J.), entered on June 10, 1991, which, following a jury trial, awarded plaintiff the sum of $30,000 together with interest, attorneys' fees, costs and disbursements for a total amount of $46,127.50, is unanimously reversed on the law and the complaint dismissed, without costs or disbursements. The clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff commenced this action against The Bank of New York and Irving Trust Company in August of 1989 for breach of express and implied contract, misrepresentation, punitive damages for a purported violation of Labor Law § 198-a and attorneys' fees. Defendants answered by denying all of the allegations in the complaint and asserted that there was a

failure to state a cause of action. Following some discovery and four adjournments, the matter finally went to trial on May 2, 1991. At the close of the evidence, defendants moved for judgment dismissing the complaint, which the trial court granted with respect to the claims for implied contract, misrepresentation and punitive damages. The court upheld the causes of actions relating to express contract and attorneys' fees. The jury thereafter awarded a verdict in plaintiff's favor, and the court directed that plaintiff be accorded attorneys' fees. Defendants have appealed and plaintiff has cross-appealed.

Plaintiff, an investment banker, was hired by Joseph Tenicki, a senior vice-president of Irving Trust Company, in July of 1987 as a vice-president in the Public Finance Department. His compensation package consisted of an initial salary of $90,000, plus a signing bonus of $25,000 and yearly bonuses based upon performance.

During 1988, many employees of Irving Trust Company began seeking and accepting other jobs when it became evident that the bank would be merging with The Bank of New York. Thereupon, in November of 1988, Joseph Tenicki informed plaintiff that he had been recommended for a $60,000 bonus. According to plaintiff, it was originally his understanding that the bonus would be payable in one lump sum in early February but Tenicki later explained that the sum would be split into two installments of $30,000 in February of 1989 and another $30,000 on May 1, 1989 since this arrangement would be more amenable to management. Indeed, plaintiff received the first $30,000 payment in February, as well as a $9,500 merit increase in January and another $4,000 in November of 1988 in lieu of profit sharing. On April 25, 1989, plaintiff submitted his resignation, effective May 10, 1989. Plaintiff further testified that when he requested payment of his second $30,000 bonus, he was told that senior management refused to accede to this. He also asserted that he had always been assured that the second bonus installment would be payable on May 1, 1989 and that he need not remain employed to receive it. Defendants, on the other hand, claimed that Tenicki suggested that plaintiff be given a $60,000 performance award to ensure that he stay with the bank after the merger. They contended that Douglas Tantillo of Irving Trust Company's compensation department initially opposed such a large amount but that Tenicki was insistent that a large award was essential to retain plaintiff's services. Therefore, Tantillo proposed that the $60,000 would be more acceptable

to senior management if it was divided into two payments. Moreover, the installment method would accomplish Tenicki's goal of keeping plaintiff with the bank at least until the second payment in June of 1989. Defendants urged that Tenicki adopted Tantillo's approach and that this was ultimately the option approved by the bank's senior management. In any event, it is uncontested that when plaintiff departed on May 10, 1989, he had not been accorded the second $30,000 installment, and the present lawsuit ensued.

Section 5-1105 of the General Obligations Law provides that: "A promise in writing and signed by the promisor or by his agent shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, if the consideration is expressed in the writing and is proved to have been given or performed and would be a valid consideration but for the time when it was given or performed."

Although the parties dispute whether the $60,000 payment was intended as a performance bonus or a retention award, and the jury was evidently persuaded by plaintiff's position, even a performance bonus would have been based upon past consideration since it was for the purpose of rewarding him for work which he had already performed (see, *Holt v Feigenbaum*, 52 NY2d 291) and was, moreover, entirely discretionary for someone in his employment category. Consequently, plaintiff's promised bonus is enforceable only if it was memorialized by a writing (General Obligations Law § 5-1105). Contrary to plaintiff's argument that the doctrine of part performance is applicable because defendants paid the initial $30,000, other than plaintiff's statement to that effect there is no evidence that he was working in reliance upon obtaining a bonus nor is there any showing of unjust enrichment. It is true that the record contains several writings indicating that plaintiff was to be paid $60,000, but it is not evident from an examination of these documents themselves whether the money, referred to as an "award", was for past performance or an attempt to retain plaintiff in his job. In that regard, General Obligations Law § 5-1105 requires that the consideration be expressed in the writing. As the court held in *Umscheid v Simnacher*, 106 AD2d 380, 381), "[t]he consideration alluded to in the documents * * * is vague, imprecise, and, indeed, is without meaning. In short, resort to evidence extrinsic to the documents is necessary to give meaning to the consideration 'expressed' in those documents". In the absence of a writing that can be understood without dependence upon extrinsic evidence and

that clearly describes the consideration, a promise derived from past consideration is simply not actionable. Accordingly, defendants' motion to dismiss should have been granted in full. We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.