■ MARK J. GOLD, Appellant, v MANUEL L. KATZ et al., Respondents. [646 NYS2d 1] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about February 3, 1995, which, insofar as appealed from, granted defendants' motion for summary judgment, unanimously reversed, on the law, without costs, and the motion denied.

We find that plaintiff's showing is sufficient to withstand summary judgment on his claim for breach of contract. Plaintiff has offered evidence tending to prove that it was he who planned the affiliation between defendant law firm, his then employer, and defendant Paul E. Bleifer which ultimately resulted in defendant law firm obtaining a large number of clients. He also stated that prior to arranging the meeting which led to the affiliation, his inquiry to defendant Herbert Katz, a partner of defendant law firm, as to what benefit would accrue to him personally as a result of his role in the arrangement resulted in the partner "demurr[ing]" as to the idea that plaintiff was owed anything at that point, but adding, "[L]et's see what is involved, let's see what the cases are, let's see what we get." Finally, plaintiff showed that, after the arrangement among defendants went into effect, defendants agreed that while he remained at the firm he would be paid a fee of 10% of the income generated from the matters involving any clients which had been brought to the firm by defendant Bleifer as part of his overall compensation. In fact, plaintiff did extensive work on these matters while he remained with the firm.

This evidence was sufficient to withstand summary judg-

ment on the issue of whether there was an implied promise, made prior to the time that plaintiff completed his performance by introducing the defendants to each other, to fairly compensate plaintiff for doing so. Assuming the truth of plaintiff's assertions, there is a question of fact as to whether the conversation between plaintiff and his employer, particularly the employer's "demurral" as to whether plaintiff should be compensated at the point when he had only made steps to arrange the meeting, contrasted with his eagerness to proceed with the meeting and his instruction to plaintiff to wait and "see what we get", included an implied promise on the employer's part to compensate plaintiff in some fashion should the arrangement prove lucrative for the firm. Since this conversation took place prior to completion of performance by plaintiff, if such a promise was made, it would be supported by consideration (*cf., Clark v Bank of N. Y.*, 185 AD2d 138, 140).

Moreover, plaintiff's claims for various other forms of unpaid compensation under his preexisting compensation agreement with defendant firm should not have been dismissed, there being issues of fact as to the extent to which such were earned and remain outstanding. Concur—Ellerin, J. P., Wallach, Rubin and Mazzarelli, JJ.