■ LEO BEITNER, Appellant, v STEVE BECKER, Respondent. [824 NYS2d 155]—

In an action, inter alia, for specific performance of a contract of sale of shares of stock, and to recover on a promissory note, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated October 11, 2005, as denied his motion for summary judgment on the first, second, and third causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the third cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action. In the first cause of action, the plaintiff sought to enforce the terms of a memorandum of indebtedness (hereinafter the memorandum) allegedly executed by the defendant on July 6, 1998 in which the defendant purportedly stated only that he "owe[d]" the plaintiff certain corporate stock, negotiable instruments, and action warrants. This memorandum was not in the form of a promissory note, as it did not by its terms contain a promise to pay (*see* Uniform Commercial Code § 3-104 [1] [a]-[d]; [2] [d]). Rather, the memorandum constituted a voluntary and unenforceable executory promise (*see Dougherty v Salt*, 227 NY 200, 202 [1919]; *McCain v Manhasset Mach. Co.*, 45 AD2d 965, 966 [1974]; *Matter of Winthrop v Bates*, 278 App Div 42, 46 [1951], *affd* 303 NY 952 [1952]; *Graham v Denton*, 253 App Div 910 [1938]; *Sheehy v Kane*, 227 App Div 635 [1929]; *cf. Schwartzreich v Bauman-Basch, Inc.*, 231 NY 196, 205 [1921]). Hence, the plaintiff failed to establish his entitlement to judgment as a matter of law in connection with the first cause of action, and the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on that cause of action.

The plaintiff similarly failed to make a prima facie showing of entitlement to judgment as a matter of law in connection with his second cause of action, seeking, inter alia, specific performance of a purported agreement with the defendant, pursuant to which the defendant allegedly agreed to tender to the plaintiff the stock certificates described above. All contracts must be supported by consideration, consisting of a benefit to the promisor or a detriment to the promisee (*see Holt v Feigenbaum*, 52 NY2d 291, 299 [1981]; *see also Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 464 [1982]; *cf. Village of Upper Nyack v Christian & Missionary Alliance*, 155 AD2d 530 [1989]). The plaintiff, as

promisee, seeks to recover the stocks from the defendant in consideration for his previous financial losses, purportedly arising from his detrimental reliance on the defendant's mismanagement of investment funds. Past consideration is insufficient to support a contractual obligation, unless the consideration is expressed in writing, which was not done here (*see* General Obligations Law § 5-1105; *Gutman v Gutman*, 31 AD3d 709 [2006]; *Transamerica Realty v Winokur*, 248 AD2d 250 [1998]; *Pfeiff v Kelly*, 213 AD2d 916, 917 [1995]; *Clark v Bank of N.Y.*, 185 AD2d 138, 140-141 [1992]; *Raymond Babtkis Assoc. v Tarazi Realty Corp.*, 36 AD2d 694 [1971]). Since the plaintiff failed to establish the existence of an enforceable contract, the Supreme Court properly denied that branch of his motion which was for summary judgment on the second cause of action.

The plaintiff did, however, establish his entitlement to judgment as a matter of law on the third cause of action, seeking recovery on a promissory note dated September 15, 1999, in the principal sum of $300,000, by demonstrating that in consideration for a loan the defendant executed a promissory note containing a promise to pay the plaintiff a sum certain on or before a date certain. Contrary to the Supreme Court's determination, the defendant failed to raise a triable issue of fact in opposition by his conclusory assertions that he did not sign the note. "Something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (*Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]; *see Bronsnick v Brisman*, 30 AD3d 224 [2006]; *JPMorgan Chase Bank v Gamut-Mitchell, Inc.*, 27 AD3d 622, 623 [2006]; *Peyton v State of Newburgh, Inc.*, 14 AD3d 51, 54 [2004]; *cf. Matter of James*, 17 AD3d 366, 367 [2005]; *but cf. Alvidrez v Roberto Coin, Inc.*, 6 Misc 3d 742, 747 [2005]). Therefore, summary judgment should have been granted in favor of the plaintiff on his third cause of action. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.