■ THOMAS W. HARDY, Respondent-Appellant, v ADAM R. ROSE, Appellant-Respondent. [876 NYS2d 118]—

In an action, inter alia, to recover damages for breach of an employment contract, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered December 6, 2007, as denied his motion for summary judgment dismissing the second and third causes of action, and the plaintiff cross-appeals from so much of the same order as denied his cross motion, in effect, for summary judgment on those causes of action or, in the alternative, for leave to serve a second amended complaint adding causes of action to recover damages for breach of fiduciary duty and to impose a constructive trust upon a certain annuity contract.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the second and third causes of action is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant voluntarily purchased and funded a certain

annuity contract and designated his employee, the plaintiff, as the beneficiary. The annuity contract provided that the defendant could change the designation of the beneficiary at will while the contract was in effect. In two memoranda, dated April 2, 2005 and November 20, 2005, respectively, the defendant indicated that he wished to provide the plaintiff with an income in the sum of $7,000 per year for the rest of the plaintiff's life, whether or not the plaintiff continued to be employed by him. Less than one year after the defendant purchased the annuity contract, the plaintiff resigned from his position. Shortly thereafter, the defendant changed the designation of the beneficiary of the annuity contract from the plaintiff to himself.

The Supreme Court erred in denying the defendant's motion for summary judgment dismissing the second and third causes of action. The defendant established his prima facie entitlement to judgment as a matter of law by establishing that he voluntarily purchased and funded the annuity contract and retained the unilateral right, under the terms of the annuity contract, to change the beneficiary (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Fernekes v CMP Indus.*, 13 NY2d 217, 224 [1963]; *Topper v Mutual Life Ins. Co. of N.Y.*, 62 AD2d 932, 933 [1978], *affd* 46 NY2d 974 [1979]). The memoranda do not constitute a binding employment contract based upon past consideration since they were unsigned and the statement with respect to past consideration was vague and imprecise (*see* General Obligations Law § 5-1105; *Beitner v Becker*, 34 AD3d 406, 408 [2006]; *Kreuter v Tsucalas*, 287 AD2d 50, 54 [2001]; *Clark v Bank of N.Y.*, 185 AD2d 138, 140 [1992]; *Umscheid v Simnacher*, 106 AD2d 380, 381 [1984]).

Even if the defendant intended to make a gift, a gift is not complete until it is delivered to the donee. Delivery must be sufficient to "divest the donor of dominion and control over the property" (*Gruen v Gruen*, 68 NY2d 48, 56 [1986]; *Matter of Carr*, 99 AD2d 390 [1984]). In this case, the defendant never divested himself of dominion and control over the property. Although the annuity income which the plaintiff already received has been "delivered," the defendant is not seeking the return of that income.

In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Miller, Belen and Chambers, JJ., concur.