10-2689-cv
Morgenweck v. Vision Capital Advisors, LLC.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GREGORY MORGENWECK,

> *Plaintiff–Counter-Defendant-Appellant*,

-v.-                                                      No. 10-2689-cv

VISION CAPITAL ADVISORS, LLC, VISION OPPORTUNITY
CAPITAL MANAGEMENT, LLC, ADAM BENOWITZ,
RANDOLPH COHEN,

> *Defendants-Counter-Claimants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLANT:**     Joseph P. Shea,
Kent & McBride, PC,
Philadelphia, PA.

**FOR DEFENDANTS-COUNTER-CLAIMANTS-APPELLEES:**     Eric B. Fisher, Butzel
Long, PC, New York,
NY.

Appeal from a June 3, 2010, judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

This action arises from a dispute over compensation for information-technology services rendered by plaintiff-appellant Gregory Morgenweck to defendants-appellants Vision Capital Advisors, LLC, Vision Opportunity Capital Management, LLC, Adam Benowitz, and Randolph Cohen (jointly "defendants"). Specifically, Morgenweck claims that he was promised compensation and an equity ownership interest in an investment firm, Vision Capital—later renamed as a hedge fund, Vision Capital Advisors, LLC—started by Benowitz and Cohen, in exchange for providing consulting services to the ventures. After an unsuccessful attempt to negotiate a settlement, Morgenweck brought this action for compensatory and punitive damages for violations of Pennsylvania and New York labor law, breach of contract, quantum meruit, unjust enrichment, promissory estoppel, intentional interference with contractual relationships and fraudulent misrepresentation. After discovery, the District Court granted defendants' motion for summary judgment and dismissed all of Morgenweck's claims. *Morgenweck v. Vision Capital Advisors, LLC*, 08 CV 2969, at *19 (S.D.N.Y. June 3, 2010). This appeal followed. We assume the parties' familiarity with the underlying facts and the procedural history.

We review a district court's grant of summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Undertaking that review, we affirm the grant of summary judgment to defendants. Morgenweck's arguments on appeal rest on the proposition that the District Court misconstrued the terms of the disputed agreement: in addition to a percentage of Vision Capital's annual profits, Morgenweck claims he was offered a significant equity interest in Vision Capital itself.

Assuming, *arguendo*, that the terms of the alleged contract included an equity interest, we agree with the District Court that Morgenweck's claims are barred by New York's Statute of Frauds. *See* N.Y. Gen. Oblig. Law § 5-701(a)(1). By the very terms of the alleged agreement, Morgenweck was owed some percentage of *annual* profits in addition to the allegedly promised equity interest. It is impossible that annual profits could be earned and distributed within one year of the alleged agreement. Accordingly, the fact that Vision Capital's performance could not be completed within one year of the contract's alleged creation renders the oral contract on which Morgenweck's claims are premised in violation of New York's Statute of Frauds. *Warner v. Tex. & Pac. Ry. Co.*, 164 U.S. 418, 434 (1896) ("The question is not what [the] probable, or

2

expected, or actual performance of the contract was, but whether the contract, according to the reasonable interpretation of its terms, required that it should not be performed within the year."), *cited approvingly in D&N Boening, Inc. v. Kirsch Beverages, Inc.*, 63 N.Y.2d 449, 454 (1984); *see also Freedman v. Chem. Constr. Corp.*, 43 N.Y.2d 260, 265 (1977) ("The critical test . . . is whether 'by its terms' the agreement is not to be performed within a year." (citations omitted)); *Kubin v. Miller*, 801 F. Supp. 1101, 1120 (S.D.N.Y. 1992) (concluding that an oral agreement which anticipates payments of "annual income" is unenforceable under New York's Statute of Frauds because "the terms of the agreement clearly anticipate multiple payments over a period of more than one year."). The District Court, therefore, correctly concluded that Morgenweck's claims must be dismissed. *Morgenweck*, 08 CV 2696, at *8-10 ("Because [Morgenweck's] version of the agreement could not have possibly resulted in performance within a year, it is unenforceable."(capitalization omitted)).[1]

## CONCLUSION

We have considered each of Morgenweck's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk

---

[1] It is well settled that under New York law a plaintiff may not escape the Statute of Frauds by attaching the label "quantum meruit" or "unjust enrichment" or "promissory estoppel" to the underlying contract claim. *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.*, 56 F.3d 427, 434 (2d Cir. 1995) (discussing quantum meruit (citing *Farash v. Sykes Datatronics, Inc.*, 59 N.Y.2d 500, 503 (1983))); *accord Merex A.G. v. Fairchild Weston Systems, Inc.*, 29 F.3d 821, 824-25 (2d Cir. 1994) (discussing promissory estoppel); *Intertex Trading Corp. v. Ixtaccihuatl S.A. de CV*, — F. Supp. 2d — , 2010 WL 4970107, at *5 (S.D.N.Y. Dec. 1, 2010) (discussing unjust enrichment (citing *Minichiello v. Royal Business Funds Corp.*, 18 N.Y.2d 521, 525 (1966))). We therefore have no trouble agreeing with the District Court that, inasmuch as the Statute of Frauds is applicable to the facts of this case, Morgenweck's quasi-contract and equitable claims must be dismissed along with his contract claims. *Morgenweck*, 08 CV 2696, at *10-16.