■ Max Camhi, Appellant, v Tedesco Realty, LLC, et al., Respondents. [962 NYS2d 660]—

In an action to recover damages for breach of contract and in quantum meruit, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), dated August 1, 2011, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (5) and (7) which were to dismiss the first cause of action, which was to recover damages for breach of contract, and (2) from so much of an order of the same court dated January 30, 2012, as, upon reargument, adhered to its original determination in the

order dated August 1, 2011, granting that branch of the defendants' motion which was to dismiss so much of the first cause of action as was to recover damages for breach of contract based upon the plaintiff's negotiation on behalf of the defendants of a lease of a certain premises to Whole Foods Markets, Inc., and a related pension plan, and granting that branch of the defendants' motion which was to dismiss so much of the second cause of action as was to recover damages in quantum meruit based upon the plaintiff's negotiation of that lease and the pension plan.

Ordered that the appeal from the order dated August 1, 2011, is dismissed, as that order was superseded by the order dated January 30, 2012, made upon reargument; and it is further,

Ordered that the order dated January 30, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In September 2005, the defendants retained the plaintiff, who is a certified public accountant, as a financial consultant. At the time that the defendants retained the plaintiff, the defendants were negotiating a lease of 200 Third Street in Brooklyn, to Whole Foods Markets, Inc. (hereinafter Whole Foods).

According to the plaintiff, the defendants orally agreed to pay the plaintiff 20% of any tax savings, and 20% of any increase in income generated by his services in negotiating the terms of the lease. The plaintiff claims that, as a result of his services, the deal with Whole Foods was restructured, generating $715,300 in tax savings over a 10-year period, based, inter alia, upon the creation of a pension plan. The revenue from the lease was also increased. The plaintiff claimed that he was entitled to a fee of $2,436,104 pursuant to an oral contract relating to his services with respect to the lease to Whole Foods, or, in the alternative, to recover the reasonable value of his services in quantum meruit. It is undisputed that the plaintiff did in fact receive the sum of $20,000 for his services before the instant dispute arose.

General Obligations Law § 5-701 (a) (1) provides, in relevant part, that an agreement which "[b]y its terms is not to be performed within one year from the making thereof" is void and unenforceable in the absence of a writing or memorandum signed by the party to be charged therewith. General Obligations Law § 5-701 (a) (10) provides, in relevant part, that "a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock

interest in a corporation and including the creating of a partnership interest" must be supported by a writing or memorandum, subscribed by the party to be charged therewith, and that in the absence of such a writing, the agreement is void and unenforceable. That provision further defines the word "negotiating" to include "procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction."

The defendants asserted that the plaintiff's claims were barred by the statute of frauds, on the grounds that the oral contract here in dispute was an agreement to pay compensation for services rendered in negotiating the sale or leasing of real estate and an interest in a business (*see* General Obligations Law § 5-701 [a] [10]), and the oral contract could not, by its terms, be performed within one year (*see* General Obligations Law § 5-701 [a] [1]). The plaintiff responded that the statute of frauds did not apply because the defendants admitted that they retained the plaintiff, and the plaintiff performed the services for which he was retained. The Supreme Court rejected the plaintiff's arguments, and directed the dismissal of those claims based upon the statute of frauds.

A party's admission of the existence and essential terms of an oral agreement is sufficient to take the agreement out of the statute of frauds (*see Concordia Gen. Contr. v Peltz*, 11 AD3d 502, 503 [2004]; *Dzek v Desco Vitroglaze of Schenectady*, 285 AD2d 926, 927 [2001]; *Williams v Lynch*, 245 AD2d 715 [1997]; *Tallini v Business Air*, 148 AD2d 828, 829-830 [1989]). However, if the parties dispute "the very terms and conditions of the alleged oral" agreement, the statute of frauds applies (*North Bright Capital, LLC v 705 Flatbush Realty, LLC*, 66 AD3d 977, 978 [2009]). In the instant case, the defendants deny that they agreed to pay the plaintiff compensation based upon a percentage of any particular number. Thus, the Supreme Court correctly determined that there was no admission by the defendants as to the essential terms of the alleged contract.

With respect to the second cause of action, which sought compensation in quantum meruit, General Obligations Law § 5-701 (a) (10) specifically recites that the requirement of a writing executed by the party to be charged applies to bar enforcement not only of an oral agreement to pay compensation for services rendered in negotiating the sale or leasing of real estate or an interest in a business, but also of "a contract implied in fact or in law" covering the same subject matter. This provision was added by L 1964, ch 561, "to make clear that no recovery on a quantum meruit theory was intended" (1964 NY Legis Doc

No. 65 [F], 1964 Legis Ann at 98) in connection with services rendered in negotiating the sale or leasing of real estate or the interest in a business. Accordingly, the Supreme Court properly directed the dismissal of so much of the second cause of action as was based upon the negotiation of the Whole Foods lease and the related pension plan (*see MP Innovations, Inc. v Atlantic Horizon Intl., Inc.*, 72 AD3d 571 [2010]). Further, the part-performance exception to the statute of frauds did not apply (*see Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]; *Singh v Kur*, 64 AD3d 697, 698 [2009]; *745 Nostrand Retail Ltd. v 745 Jeffco Corp.*, 50 AD3d 768, 769 [2008]; *Carey & Assoc. v Ernst*, 27 AD3d 261, 263 [2006]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.