17-834-cv
Komlossy v. Faruqi & Faruqi, LLP

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand seventeen.

PRESENT:
>JOHN M. WALKER, JR.,
>REENA RAGGI,
>PETER W. HALL,
>>*Circuit Judges*.

------------------------------------------------------------------------

EMILY KOMLOSSY,
>*Plaintiff-Appellant*,


v.                                              No.    17-834-cv

FARUQI & FARUQI, LLP, NADEEM FARUQI,
LUBNA FARUQI
>*Defendants-Appellees*,

------------------------------------------------------------------------

FOR APPELLANT:                 Emily Komlossy, *pro se*, Komlossy Law, P.A., Hollywood, Florida.

FOR APPELLEES:                 Richard W. Gonnello, Katherine M. Lenahan, Faruqi & Faruqi, LLP, New York, New York.

Appeal from judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 23, 2017, is AFFIRMED.

Plaintiff Emily Komlossy, an attorney proceeding *pro se*, appeals the dismissal with prejudice of her complaint alleging, *inter alia*, breach of contract and unjust enrichment by her former employer, defendant Faruqi & Faruqi, LLP (the "Firm"). We review *de novo* the dismissal of a complaint for failure to state a claim, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016); *see* Fed. R. Civ. P. 12(b)(6). In so doing, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Despite Komlossy's arguments to the contrary, the district court applied the correct legal standards and limited its analysis to the terms of the parties' compensation agreement as set forth in the amended complaint. The fact that the district court reached legal conclusions favorable to the Firm does not reflect the application of an incorrect legal standard because the requirement that courts accept complaint allegations as true and draw inferences in favor of the plaintiff is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nor do we identify error in the district court's determination that the oral compensation agreement underlying Komlossy's claims is unenforceable under New York's Statute of Frauds, *see* N.Y. Gen. Oblig. Law § 5-701(a)(1). "New York courts generally construe the statute of frauds narrowly, voiding only those oral contracts

2

'which by their very terms have absolutely no possibility in fact and law of full performance within one year.'" *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 110 (2d Cir. 2014) (quoting *D & N Boening, Inc. v. Kirsch Beverages, Inc.*, 63 N.Y.2d 449, 454, 483 N.Y.S.2d 164, 165 (1984)).

Employment agreements such as the one Komlossy asserts existed here are considered at-will contracts, terminable at any time by either party. *See id.* Here, however, the alleged agreement contained a provision requiring the Firm to pay Komlossy "twenty (20) percent of any fees earned by the Firm in connection with clients she generated." App'x 40, Compl. ¶ 12. There was no time limitation on this obligation to pay. *Cf. Gold v. Katz*, 229 A.D.2d 339, 339, 646 N.Y.S.2d 1, 1 (1st Dep't 1996) (denying summary judgment on breach of contract claim where plaintiff offered evidence of oral agreement providing for 10% fee to plaintiff of income generated from matters involving particular clients while plaintiff "remained at the firm"). New York courts have held that an oral agreement for an indefinite obligation is not enforceable. *See Martocci v. Greater N.Y. Brewery, Inc.*, 301 N.Y. 57, 62–63 (1950) (holding unenforceable oral agreement to pay commissions indefinitely); *accord Zupan v. Blumberg*, 2 N.Y.2d 547, 549–51, 161 N.Y.S.2d 428 (1957) (holding unenforceable oral agreement that paid salesman "25% commission on any account that he brought in for so long as the account was active"); *cf. Cron v. Hargro Fabrics, Inc.*, 91 N.Y.2d 362, 369–70, 670 N.Y.S.2d 973 (1998) (citing approvingly to *Martocci* in distinguishing contract there at issue). *Cron* held that "when the employment relationship is terminable within a year and the measure of compensation has become fixed and earned during the same

3

period, the sole obligation to calculate such compensation will not bring the contract within the one-year proscription of the Statute of Frauds." *Cron v. Hargro Fabrics, Inc.*, 91 N.Y.2d at 370. Here, the measure of compensation was not fixed, and could not be fixed, within one year.

In urging otherwise, Komlossy argues that she seeks fees relating to only one client and one matter. This misapprehends the relevant Statute of Frauds inquiry, which, as the district court correctly stated, asks "whether the [a]greement 'by its terms' is capable of performance within a year." *Komlossy v. Faruqi & Faruqi, LLP*, No. 15 Civ. 9316 (KPF), 2017 WL 722033, at \*5 (S.D.N.Y. Feb. 23, 2017) (quoting N.Y. Gen. Oblig. Law § 5-701(a)(1)). In this context, Komlossy's single client/matter point is irrelevant. Komlossy does not allege separate agreements specific to certain clients; she alleges a general employment compensation agreement. It is that agreement that falls within the Statute of Frauds.

Insofar as Komlossy argues that one of the Firm's partner's recognition of the contract removes it from the Statute of Frauds, we do not consider that argument because Komlossy did not raise it below and does not explain the omission, and this is not a case where review for the first time on appeal is "necessary to avoid a manifest injustice." *Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004). Notably, Komlossy does not allege that the Firm's partner admitted an essential element of the purported agreement: the precise percentage of the fees she would receive as a result of procuring a client. Where the parties generally acknowledge an oral agreement, but dispute its

terms and conditions, the Statute of Frauds applies. *See Camhi v. Tedesco Realty, LLC*, 105 A.D.3d 795, 797, 962 N.Y.S.2d 660, 662 (2d Dep't 2013).

Komlossy cannot avoid the Statute of Frauds by pleading unjust enrichment in the alternative and, thus, the district court correctly dismissed this claim as well as that for breach of contract. *See Minichiello v. Royal Bus. Funds Corp.*, 18 N.Y.2d 521, 525–27, 277 N.Y.S.2d 268, 270–72 (1966); *accord Morgenweck v. Vision Capital Advisors, LLC*, 410 F. App'x 400, 402 n.1 (2d Cir. 2011) (summary order) ("It is well settled that under New York law a plaintiff may not escape the Statute of Frauds by attaching the label 'quantum meruit' or 'unjust enrichment' or 'promissory estoppel' to the underlying contract claim.").

The district court also did not err in dismissing with prejudice. Komlossy did not seek leave to amend, and "we do not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1132 (2d Cir. 1994).

We have considered Komlossy's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5