Rosenbaum v Myers (2023 NY Slip Op 05454)

Rosenbaum v Myers

2023 NY Slip Op 05454

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, González, Kennedy, JJ. 

Index No. 652971/19 Appeal No. 908-909 Case No. 2022-05726, 2022-05727 

[*1]Thane Rosenbaum, Plaintiff-Appellant,
v
Roslyn Myers, Defendant-Respondent. 

Boies Schiller Flexner LLP, Armonk (Andrew P. Steinmetz of counsel), for appellant.
Profeta & Eisenstein, New York (Jethro M. Eisenstein of counsel), for respondent.

Orders, Supreme Court, New York County (Lucy Billings, J.), entered on or about November 23, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the breach of contract cause of action and granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, plaintiff's motion granted, and defendant's motion denied.
In 2004, defendant obtained certain real property in the settlement of her divorce action against her then-husband. Subsequent to that settlement, plaintiff acted as defendant's counsel in the divorce action. On February 7, 2005, defendant executed an acknowledgement of debt (AOD) in favor of plaintiff. The AOD states that it was made in consideration of plaintiff's "invaluable assistance, guidance, and time which enabled [defendant] to purchase the property." The AOD also states that the debt arose "as a consequence of the extensive representation and advice in all legal proceedings and negotiations with various parties, the City of New York, and the financing and development of the property." The AOD notes that "the assistance rendered . . . by [plaintiff] resulted in [defendant] owning the building (which never would have happened without his careful and valuable work)."
Plaintiff was entitled to summary judgment on his breach of contract cause of action because he established, as a matter of law, that the AOD was supported by past consideration in accordance with General Obligations Law § 5-1105. The consideration expressed in the AOD is not vague or imprecise because it identifies services rendered by plaintiff in connection with specific property (cf. Korff v Corbett, 155 AD3d 405, 408 [1st Dept 2017], lv denied 31 NY3d 912 [2018]; Clark v Bank of N.Y., 185 AD2d 138, 140 [1st Dept 1992]; Umscheid v Simnacher, 106 AD2d 380, 380-381 [2d Dept 1984]). Any failure by plaintiff to comply with the regulations governing attorneys in matrimonial actions, codified at 22 NYCRR Part 1400, is irrelevant because the consideration described in the AOD is not exclusive to plaintiff's representation of defendant in her divorce action (see Mencher v Weiss, 306 NY 1, 8 [1953]). In addition, any evidence that plaintiff's actions did not result in defendant obtaining the property does not raise an issue of fact as to whether plaintiff gave or performed the consideration expressed in the AOD.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023