Polanco v City of New York (2024 NY Slip Op 51010(U))

[*1]

Polanco v City of New York

2024 NY Slip Op 51010(U)

Decided on August 5, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 5, 2024
Civil Court of the City of New York, New York County

Polanco, Plaintiff,

against
The City of New York, Defendant.

Index No. SC-001394-22NY

Plaintiff: Pro Se
Defendant's Counsel:
SAMANTHA SCHONFELD 
100 Church Street
New York, NY 10007

Wendy Changyong Li, J.

I. Procedural History
Plaintiff commenced an action against Defendant for damages in the amount of $9,000.00 on July 20, 2022 for alleged breach of contract, loss of personal property, and loss of time for work as a result of the New York City Emergency Executive Orders (EEOs) 62 and 317, regarding the COVID-19 vaccine mandate. Defendant filed a motion to dismiss on March 29, 2023, which was granted on June 5, 2023 by Judge A. T. ("Prior Order"). Plaintiff appealed and the Prior Order was reversed. The action was reinstated and trial was conducted by this Court on July 22, 2024, where both parties appeared in person at Part 47. Defendant was represented by counsel, while Plaintiff appeared pro se.

II. Discussion
During the trial, Plaintiff submitted a statement and Plaintiff's Certificate of Naturalization. Reading from the submitted statement, Plaintiff alleged that the Oath of Allegiance to the United States of America acted as a verbal contract between Plaintiff and the United States of America, and thus Defendant by extension. Plaintiff further alleged that the submitted Certificate of Naturalization acted as evidence of this verbal contract, as it is "administered by the naturalization court to every person who becomes a naturalized U.S. Citizen." Plaintiff claimed that this alleged contract between Plaintiff and Defendant was breached with the implementation of EEO 62.
It is well established that "all contracts must be supported by consideration, consisting of a benefit to the promisor or a detriment to the promisee" (Beitner v Becker, 34 AD3d 406, 407 [*2][2d Dept 2006], citing Holt v Feigenbaum, 52 NY2d 291, 299, 419 NE2d 332, 437 NYS2d 654 [1981], Weiner v McGraw-Hill, Inc., 57 NY2d 458, 464, 443 NE2d 441, 457 NYS2d 193 [1982]; cf. Village of Upper Nyack v Christian & Missionary Alliance, 155 AD2d 530, 547 NYS2d 388 [1989]). Here, the Oath of Allegiance lacks the component of consideration, or negotiation, necessary to create a contract. As such, the Oath of Allegiance cannot be considered a legal contract. Plaintiff has not alleged any other contracts between Plaintiff and Defendant. Further, "privity between a plaintiff and the defendant is required to sustain a breach of contract claim. Plaintiff's cause of action for breach of contract fails because there was no contractual relationship between the parties to this litigation." (Armstrong v C&C Apt. Mgmt, 2024 NY Misc. LEXIS 2999, 2024 NY Slip Op 50924[U], *3 [Civ Ct, New York County 2024], citing Tutor Perini Building Corp. v Port Authority of New York and New Jersey, 191 AD3d 569, 143 N.Y.S.3d 12 [1st Dept 2021]). This Court finds no contract has existed between the Plaintiff and the Defendant, as a result, a breach of contract could not have occurred.
Even if the court were to consider Plaintiff's Naturalization Certificate as an established contract between Plaintiff and Defendant, EEO 62 has not infringed Plaintiff's constitutional rights. During trial, Plaintiff referenced the Fourteenth Amendment of the United States Constitution, quoting "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Plaintiff also submitted a copy of the Constitution of the State of New York, highlighting "no person shall be denied the equal protection of the laws of this state or any subdivision thereof." Plaintiff further alleged that "Emergency Executive Order 62 (EEO 62), which was enacted into law by the Mayor of the City of New York on March 24, 2022, [was] clearly, and was further shown to be, arbitrary in nature, because it grant[ed] a COVID vaccination exemption to some individuals, while excluding others." Plaintiff further alleged that "upon enacting into law Emergency Executive Order 62, Defendant breached its contract with Plaintiff, in not extending Plaintiff the vaccination exemption that it ha[d] extended to other individuals, thereby denying Plaintiff the equal protection of the laws which [was] guaranteed to him under the Constitution that Plaintiff swore to defend, through the verbal contract that Plaintiff entered into with Defendant." Plaintiff admittedly did not receive a vaccination, nor did Plaintiff submit evidence for request of exemption from Defendant's COVID-19 vaccine mandate. Plaintiff temporarily lost employment from January 2022 through June 2023 because of non-compliance with Defendant's COVID-19 vaccine mandate, which was extended to apply to private sector employees with EEO 317, also known as "Key to NYC Program." The damages resulting from these orders, including alleged infringement upon Plaintiff's right to pursue employment and lost wages, constitute the $9,000.00 that Plaintiff was seeking. Plaintiff was eventually rehired by his employer, New York Public Radio, with less pay.
In order "to maintain an equal protection claim, a plaintiff must 'show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person' " (Brock v City of NY, 2022 US Dist LEXIS 17389, at *14 [SDNY Jan. 28, 2022, No. 1:21-cv-11094 (AT) (SDA)], quoting Miner v. Clinton Cty., 541 F.3d 464, 474 [2d Cir. 2008]). "There can be no dispute that the Key to NYC program is a facially neutral policy that has no discriminatory intent. The purpose of the Key to NYC program, as expressly stated in the [*3]executive order, is to encourage more City residents to get vaccinated because the leading health experts have indicated that the most effective tool to mitigate the spread of COVID-19 and protect against severe illness is through vaccination." (Bravo v de Blasio, 75 Misc 3d 373, 388 [Sup Ct, Kings County 2022]). Similar to the Key to NYC program, EEO 62 held no discriminatory intent and was enacted in the interest of public welfare. This branch of Plaintiff's claim is also dismissed.

 III. Order
Accordingly, it is
ORDERED that this action is dismissed after trial.
This constitutes the DECISION and ORDER of the Court.
Dated: August 5, 2024
Civil Court of the City of New York
County of New York
Honorable Wendy Changyong Li, J.C.C.