■ IMPALA PARTNERS et al., Respondents, v MICHAEL P. BOROM, Appellant. [19 NYS3d 161]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 7, 2015, which, inter alia, granted plaintiffs' motion for partial summary judgment dismissing defendant's first counterclaim, unanimously reversed, on the law, without costs, and the motion denied.

Defendant, a former founding partner of plaintiffs, left the company in 2009 for another firm. To facilitate his departure, plaintiffs and defendant negotiated a Reorganization Agreement, pursuant to which defendant was to receive a 23% payout of the "Net Proceeds" of what was referred to as "that certain transaction with Enron (*'Rawhide'*)." Prior to his departure, defendant had been involved with the Enron transactions, which involved the untangling of certain Argentinian assets from the bankruptcy estate of Enron and their liquidation. While the parties both contend that the contract is unambiguous, they nonetheless dispute the meaning of the phrase "that certain transaction with Enron (*'Rawhide'*)," including the definition of "Rawhide" itself and the payment to which defendant would be entitled.

It is well settled that the question of whether a writing is ambiguous is a question of law that is to be resolved by the court (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). "[E]xtrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face" (*id.* at 163). Only where a contract term is ambiguous may parol evidence be considered to clarify the disputed portions of the parties' agreement (*Blue Jeans U.S.A. v Basciano*, 286 AD2d 274, 276 [1st Dept 2001]). Given the extent of the dispute over the meaning of the term "that certain transaction with Enron (*'Rawhide'*)," and the fact that resolving it necessarily involves credibility determinations of the parties' testimony and the assessment of parol evidence, we find that the term is ambiguous and issues of fact exist that preclude the grant of summary judgment (*see e.g. IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 152 AD2d 451, 452 [1st Dept 1989]). Concur—Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.