■ 600 LEXINGTON OWNER LLC, Respondent, v JAY M. KAPLOWITZ et al., Defendants, and ROBERT S. WOLF et al., Appellants. [53 NYS3d 35]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 29, 2016, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment as to liability against defendants Robert S. Wolf, Barry Zone, and David E. Danovitch, and denied Danovitch's cross motion for summary judgment, unanimously modified, on the law, to grant plaintiff partial summary judgment as against Danovitch only to the extent that plaintiff incurred damages after February 15, 2012, and to deny partial summary judgment as against Zone, and otherwise affirmed, without costs.

Plaintiff, the successor in interest to the landlord, submitted prima facie evidence of Danovitch's liability for damages

incurred after February 15, 2012 (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Specifically, it submitted the Lease, the Guaranty, the Third Amendment, and an amended Schedule 11 executed by Danovitch on February 15, 2012. It also submitted the affidavit of the general counsel of plaintiff's managing agent, who attested to the law firm's default on the Lease payments. While the Third Amendment contained ambiguous provisions regarding the "Guarantors" listed on "Schedule 11," Danovitch admitted in his answer and in a separate settlement agreement that he was a guarantor of the Lease (*Impala Partners v Borom*, 133 AD3d 498, 499 [1st Dept 2015]). In opposition to plaintiff's motion, Danovitch failed to raise a triable issue of fact. His argument regarding lack of consideration for the guaranty is unavailing, as the landlord continued to perform under the Lease each month by permitting the law firm to occupy the space, and by doing so provided consideration to Danovitch, a partner at the firm (*see Sun Oil Co. v Heller*, 248 NY 28, 32-33 [1928]; *Columbus Trust Co. v Campolo*, 110 AD2d 616, 617-618 [2d Dept 1985], *affd* 66 NY2d 701 [1985]). In addition, even if Danovitch's guaranty was provided for "past consideration" (i.e., to induce the landlord into extending the Lease), it should not be denied legal effect as a valid contract, as it was in writing and executed by Danovitch (*see* General Obligations Law § 5-1105; *Samet v Binson*, 122 AD3d 710, 711 [2d Dept 2014]). Danovitch's discovery request does not affect this appeal and primarily concerns his cross claim, which is not the subject of any of the underlying motions.

Plaintiff also submitted prima facie evidence in support of its claims against defendants Wolf and Zone, by providing the Lease, Guaranty, Assumption of Guaranty signed by Wolf, and the Third Amendment Schedule 11 executed by Wolf and Zone. In response, Zone raised triable issues of fact warranting denial of partial summary judgment against him. The Guaranty provides that when a guarantor resigns as a member/partner in the law firm, they "shall thereafter be released" from the Guaranty provided that (1) the Lease is not in default, (2) no more than one member/partner is released during any two year period, and (3) there are no fewer than four member/partners serving as guarantors. Both Zone and Wolf attest that Zone should have been immediately released in June 2011 when he resigned because the lease was not in default, and Danovitch was a guarantor at the time thereby leaving four member/partners as guarantors. Although Danovitch attested that he was not a guarantor at the time, and although Zone submitted an email that creates a question as to when the

landlord became aware of Zone's resignation, these are issues to be decided by the trier of fact.

In contrast, Wolf has not raised a triable issue of fact. For Wolf to be released from the Guaranty, he had to obtain the landlord's explicit consent. There is no evidence or even allegation in this record that the landlord provided such consent. Nor has Wolf shown that further discovery was necessary to oppose plaintiff's motion (see CPLR 3212 [f]). Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Gische and Kahn, JJ.