Law Off. of J Bacher, PLLC v Saftler (2023 NY Slip Op 06334)

Law Off. of J Bacher, PLLC v Saftler

2023 NY Slip Op 06334

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 654334/19, 565713/19 Appeal No. 1193 Case No. 2023-02534 

[*1]Law Office of J Bacher, PLLC, Plaintiff-Respondent,
v
Lawrence B. Saftler, Doing Business as Law Office of Lawrence B. Saftler, Defendant-Appellant-Respondent.
Lawrence B. Saftler, Doing Business as Law Office of Lawrence B. Saftler, Third-Party Plaintiff-Appellant-Respondent,
v
James Bacher, Third-Party Defendant-Respondent-Appellant.

Smith Mazure, P.C., New York (Joel M. Simon of counsel), for appellant-respondent.
Ledy-Gurren Bass & Siff, LLP, White Plains (Nancy Ledy-Gurren of counsel), for respondent/respondent-appellant.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 24, 2023, which, insofar as appealed from, denied defendant/third-party plaintiff Lawrence B. Saftler's motion for a declaratory judgment, and, in effect, denied Saftler's motion for an order directing the withdrawal of all charging liens asserted by third-party defendant James Bacher on all cases that were originated by and distributed to Saftler and for a protective order precluding discovery as to those cases, and denied the cross-motion of Bacher and plaintiff Law Office of J Bacher, PLLC for a declaratory judgment and for an accounting, unanimously affirmed, without costs.
The operating agreement of the parties' former partnership explicitly states that only the originating law partner is entitled to fees after dissolution (with one exception not relevant to this appeal) and that all prior work "will inure to the file and the partner who is entitled to retain it" (Operating Agreement § 3.04). The operating agreement states that the originating partner in disputed cases is to be determined by arbitration. The operating agreement also states, however, that a schedule to be revised yearly identifies who would retain files in the event of dissolution. This schedule was never revised. Therefore, neither party established its entitlement to the relief it sought, as the contested language is ambiguous as to the circumstances under which cases would revert to the originating partner upon the firm's dissolution (see Impala Partners v Borom, 133 AD3d 498, 499 [1st Dept 2015]; Patrolmen's Benevolent Assn. of City of N.Y., Inc. v City of New York, 46 AD3d 378, 381-382 [1st Dept 2007]). Although the requested arbitration has been held, consistent with our prior decision (Law Off. of J Bacher, PLLC v Saftler, 198 AD3d 570 [1st Dept 2021]), the arbitrator resolved only the factual issue of case origination and not the legal issue of entitlement to fees. Thus, Supreme Court properly concluded that a trial on these issues, among others, was needed to determine the parties' intent in drafting or negotiating the disputed terms.
We decline to disturb the charging liens already in place in Bacher's favor. Bacher contests Saftler's right to certain unfinished cases as the originating partner, and there is no genuine dispute that Bacher performed work on some contingency matters to which Saftler claims an entitlement (see Decolator, Cohen & DiPrisco, LLP v Lysaght, Lysaght & Kramer, P.C., 304 AD2d 86, 90-91 [1st Dept 2003]).
Supreme Court properly rejected Bacher's request for an accounting and the appointment of a special referee "until the issue of which cases revert to which partner (or to the firm) is resolved." Bacher has not shown that he made a demand for an accounting and that Saftler had rejected such a demand, two elements also necessary to maintain the cause of action (see McMahan & Co. v Bass, 250 AD2d 460, 463 [1st Dept 1998], lv denied 92 NY2d 1013 [1998]).
We have considered the parties remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023